IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 19-cv-01305-REB

PHILLIP M. JONES,

    Plaintiff.

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION
## TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)

**Blackburn, J.**

The matter before me is **Defendant's Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)** [#13],[1] filed May 13, 2019. I grant the motion.

On April 12, 2019, plaintiff, Phillip Jones, filed in the District Court of Boulder County, Colorado, an appeal of the Commissioner's August 13, 2018,[2] decision denying his claims for disability insurance benefits and supplemental security income benefits. (*See* **Notice of Removal App.**, Exh. 1.) The Commissioner removed the action to this court pursuant to 28 U.S.C. § 1442(a)(1). It now seeks to dismiss, invoking the doctrine of derivative jurisdiction.

---

[1] "[#13]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Even if this action had been filed in the federal district court initially, it appears eminently clear the court would have lacked jurisdiction over Mr. Jones's claims in any event. *See* 42 U.S.C. §§ 405(g) & 405(h) (suit seeking review of a final decision of the Commissioner must be commenced within sixty days after the receipt of notice of the right to appeal); 20 C.F.R. § 404.901 (presumption that notice received five days after mailing).

Nearly one hundred years ago, the United States Supreme Court held that "[t]he jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." **Lambert Run Coal Co. v. Baltimore & Ohio Railroad**, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922). **See also Crow v. Wyoming Timber Products Co.**, 424 F.2d 93, 96 (10th Cir. 1970); **Colorado v. Nord**, 377 F.Supp.2d 945, 949 (D. Colo. 2005). Although Congress has since amended the general removal statute to eliminate derivative jurisdiction as to removals under 28 U.S.C. § 1441(f),[3] the doctrine remains the law with respect to removals under other statutory provisions, including under section 1442. **See In re Gray**, 1998 WL 712663 at *1 (10th Cir. Oct. 13, 1998) (citing **Arizona v. Manypenny**, 451 U.S. 232, 242 & n.17, 101 S.Ct. 1657, 1664 & n.17, 68 L.Ed.2d 58 (1981)); **Bowers v. J & M Discount Towing, LLC.**, 472

---

[3] The intent of Congress to limit the excision of derivative jurisdiction only to suits removed under section 1441 could not be clearer from the history of the amendment enacting that change:

> In 1985, Congress amended the general removal statute to eliminate derivative jurisdiction for cases removed under 28 U.S.C. Section 1441. The 1985 amendment, originally codified at Section 1441(e), provided that "the court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." In 2002, however, Congress again amended the removal statute, designating the paragraph added in the 1985 amendment as Section 1441(f), and revising the text of that paragraph to replace the words, "The court to which such civil action is removed," with the words, "The court to which a civil action is removed *under this section*." 28 U.S.C. Section 1441(f) (emphasis added).

**Jiron v. Christus St. Vincent Regional Medical Center**, 960 F.Supp.2d 1147, 1150 (D.N.M. 2012). **See also Barnaby v. Quintos**, 410 F.Supp.2d 142, 144 (S.D.N.Y. 2005) ("In amending the statute in 2002, and replacing less precise language with much more specific language, Congress left no doubt that Section 1441(f) applies only to removals under Section 1441 and not to removals under any other section of the United States Code.").

F.Supp.2d 1248, 1254 (D.N.M. 2006) (citing cases).

That doctrine is dispositive here.  A suit seeking review of a final decision of the Commissioner of Social Security "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia."  42 U.S.C.A. § 405(g).  These are the express conditions of the limited waiver of sovereign immunity under which Congress has authorize suit against the government in this context.  **See Federal Deposit Insurance Corp. v. Meyer**, 510 U.S. 471, 475, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994) ("[T]he terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.") (citation and internal quotation marks omitted); **United States v. Mitchell**, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

Because federal jurisdiction thus is exclusive, the District Court of Boulder County, Colorado, lacked jurisdiction to consider the appeal Mr. Jones of the disability determination.  Because section 1442(a) itself does not create or confer jurisdiction, **see Mesa v. California**, 489 U.S. 121, 136, 109 S.Ct. 959, 968, 103 L.Ed.2d 99 (1989); **Fent v. Oklahoma Water Resource Board**, 235 F.3d 553, 555 (10th Cir. 2000); **Bowers**, 472 F.Supp.2d at 1264-65, this court "inherited the state court's lack of jurisdiction."  **Utah v. Ricks**, 2016 WL 6090848 at *2 (D. Utah Oct. 18, 2016).  **See also**

*Nord*, 377 F.Supp.2d at 949 (state court's "jurisdictional status carries over to the federal court").  Accordingly, this case must be dismissed.

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Defendant's Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)** [#13], filed May 13, 2019, is granted; and

2.  That this action is dismissed for lack of jurisdiction.

Dated May 30, 2019, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge